Jackson, C. J.
1. No recovery can be maintained on a contract which was made in obedience to a mandatory special act of the general assembly in regard to the employment of convicts and their superitendence on the public roads of a particular county, where such special act conflicts with the general road laws of the State concerning the working of convicts on public roads, such special mandatory act having been enacted after the adoption of the Constitution of 1877, and being in conflict with the first paragraph of the fourth section of the first article of the Constitution. Code, §5027.
2. It makes no difference in the result of such conflict with the Constitution, in making the contract unconstitutional and invalid because based upon an unconstitutional enactment, that such enactment was an amendment or a special act passed prior to the adoption of the Constitution, if the amendment coerced the commissoners of the county to make the contract recovered upon, by its imperious mandate, when the prior special act before the adoption of the Constitution merely authorized such contract, d.t the option and in the discretion of the commissioners.
3. Especially must such be the necessary sequence of the premises when the original special act was passed in February, 1877, and the amendment made as late as October, 1883, more than six years thereafter, and when the contract recovered upon was not made until immediately after the compulsory amendment of 1883, and showed upon its face that such amendment forced the commissioners to act and put in operation a special law which had remained inoperative until the *477 •mandate of the unconstitutional amendment deprived the commissioners of all option and discretion it putting the special law in operation.
A. S. Giles; W. C. Winslow, for plaintiffs in error.
Duncan & Miller; Hardeman & Davis, for defendant.
4. No contract based upon an unconstitutional law can be enforced •upon any party appealing to the shield of the fundamental .law; a fortiori, when such party is a political division of the State, whose agents have been forced to make the contract, the fulfillment of which that division — the county — resists,behind that shield — the Constitution.
Judgment reversed.